UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

       EVA YOUBOTY

                      Debtor.
-------------------------------------------------------x

Chapter 11

Case No. 1-19-40070-nhl

## APPLICATION IN SUPPORT OF MOTION
## TO DISMISS THE CHAPTER 11 CASE

TO    THE HONORABLE NANCY HERSHEY LORD

       UNITED STATES BANKRUPTCY JUDGE

The above captioned debtor (the "Debtor"), by its counsel, submits this application (the "Application") in support of a Motion for an Order pursuant to §1112(b) of Tittle 11 of the United States Code and Rule 1017 of the Federal Rules of Bankruptcy Procedures, dismissing this Chapter 11 case and respectfully represents as follows:

1. On January 7, 2019 (the "Petition Date") the Debtor filed a voluntary petition for a relief under Chapter 11 of the Bankruptcy Code and thereafter continues to manage her property as debtor-in-possession pursuant to §1107 and §1108 of the Bankruptcy Cade. No receiver, examiner or creditor's committee has been appointed.

2. The Debtor owns and operates four residential real estate properties: three in Staten Island and one in New Jersey.

3. The bankruptcy filing was necessitated by an impending foreclosure of the New Jersey property. The Debtor proposed a short-sale, however the mortgagee did not have time to evaluate the proposal prior to the foreclosure sale.

4. After the bankruptcy filing the Debtor successfully submitted the short sale package which is under review by the foreclosing bank.

5. By her letter dated March 18, 2019 attached hereto as **Exhibit A** the Debtor has decided that the administrative costs of proper administration of Chapter 11 bankruptcy are outside of her financial abilities.

6. This Court has jurisdiction over this case pursuant to 20 USC §157 and 1334. Venue is proper pursuant to 28 USC §1408 and §1409. This motion is based on statutory predicates §1112(b) of the Bankruptcy Code and Rule 1017 of the Federal Rules of Bankruptcy Procedures.

7. By way of this Application, the Debtor respectfully seeks and Order dismissing the Chapter 11 case. A request for dismissal of a Chapter 11 case is governed by §1112(b) of the Bankruptcy Code, which provides as follows:

    'On request of a party of interest … the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, including
        (A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

8. Section 1112(b) requires the court to conduct the two-part analysis to determine whether to dismiss a chapter 11 case. First, the court must determine whether cause for dismissal exists. Second, if cause is found, the court must decide whether it is in the best interest of creditors to dismiss the case or to convert it to chapter 7 case. In re Hampton Hotels Investors, L.P., 270 B.R. 346 (Bankr. S.D.N.Y. 2001)

9. The courts have agreed that finding a "cause" for dismissal should be determined on a case-by-case basis. In re Adbrite Corp., 290 B.R. 209 (Bankr. S.D.N.Y. 2003). It is obvious that Debtor's inability to pay chapter 11 fees and administrative expenses

constitutes a cause that this court should consider for dismissal purposes.

10. As to the "best interest of creditors" the courts consider multiple factors listed in In re Hampton Hotels Investors, L.P., 270 B.R. 346 (Bankr. S.D.N.Y. 2001) to decide is the case should be converted or dismissed. The factors considered are:

   a) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;
   b) Whether there would be a loss of rights granted in the case of the case was dismissed rather then converted;
   c) Whether the debtor would simply file a further case upon dismissal;
   d) whether the trustee in a Chapter 7 case will have an ability to reach assets for the benefit of creditors;
   e) whether conversion or dismissal would maximize the estate's value as an economic enterprise;
   f) whether any remaining issues would be better resolved outside the bankruptcy forum;
   g) whether the estate consists of a single asset; and
   h) whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests.

11. As this Court is aware the Debtor in the within case owns and operates four residential real estate properties. The secured debt associated with the properties exceeds the Chapter 13 eligibility ceiling. Conversion of this case would not benefit any other creditors but would simply prolong the time necessary for a potential resolution of the loss mitigation applications the Debtor filed with her secured creditors. The Debtor has decided that if the mortgagee on the New Jersey property rejects the pending short sale application, she will allow the bank to proceed to foreclosure sale.

12. Dismissal will allow the Debtor to continue her negotiations with the secured creditors and will eliminate the administrative expenses inevitable in proper administration of Chapter 11 case.

13. Notice of this application will be served upon (a) the United States Trustee; (b) all creditors; (c) all relevant taxing authorities; (d) all creditors who have filed notice of

appearance.

14. No prior application for the same relief has been filed by the Debtor in this or any other court;

15. Based on the foregoing the Debtor respectfully requests that the Order be entered dismissing this Chapter 11 case and granting any other relief as this Court deems just and proper.

Dated: Staten Island, New York
March 27, 2019

CORASH & HOLLENDER, P.C.
Attorneys for debtor Eva Youboty

By: _____/s/_____
PAUL HOLLENDER (PH 5834)
1200 South Avenue, Suite 201
The Corporate Park of Staten Island
Staten Island, New York 10314
Telephone: (718) 442-4424